IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| ABARCA HEALTH, LLC and PHARMACY INSURANCE CORPORATION OF AMERICA<br><br>PLAINTIFFS,<br><br>v.<br><br>PHARMPIX CORPORATION; HERMINIO JOSÉ CORREA GARCÉS; JANE DOE AND THE CONJUGAL PARTNERSHIP COMPOSED BY THEM; JAIME FIGUEROA TORRES; MARY DOE AND THE CONJUGAL PARTNERSHIP COMPOSED BY THEM; MARTY MARTINEZ FRATICELLI; ANA ROE AND THE CONJUGAL PARTNERSHIP COMPOSED BY THEM; AND MARCOS A. GONZALEZ CARBALLO; SUSAN ROE AND THE CONJUGAL PARTNERSHIP COMPOSED BY THEM<br><br>DEFENDANTS. | Civ. No. 11-1218 (BJM)<br><br>RE: INJUNCTIVE RELIEF, COPYRIGHT INFRINGEMENT AND DAMAGES<br><br>TRIAL BY JURY DEMANDED |

## EMERGENCY MOTION FOR PROTECTIVE ORDER

**TO THE HONORABLE COURT:**

**NOW COME** Defendants PharmPix Corporation; Martty Martínez Fraticelli; Marcos González Carballo; Herminio Correa Garcés; Jaime Figueroa Torres, and the conjugal partnership composed by Jaime Figueroa Torres and Mary Doe, through their undersigned attorney, and respectfully state, allege and pray:

1. On April 25, 2011, Defendants in this case filed their Answer to Complaint and Counterclaim [Document No. 41, hereinafter "Counterclaim,"] in which they included several causes of action against the above captioned Plaintiffs, as a result of their acts of unfair competition against Defendants. Said causes of action were brought against Plaintiffs pursuant to Section 4 of the Clayton Act, 15 U.S.C. §15(a),

1

Sections 1 and 2 of the Sherman Act, 15 U.S.C. § 1 and §2, and the Puerto Rico Antitrust Act, 10 L.P.R.A § 258 *et seq*. All of the Defendants' allegations in their Counterclaim are incorporated herein by reference as if fully restated herein.

2. As set forth in Defendants' Counterclaim, Plaintiffs' acts of unfair competition included, but were not limited to, incurring in several deceptive, illegitimate and predatory activities, such as: a) **conspiring to have PharmPix excluded from commercial establishments in Puerto Rico**; b) **conducting a harassment campaign to exclude and impede PharmPix from accessing potential clients**; c) **actively interfering with PharmPix's relationship with its actual and potential clients**; and d) utilizing a frivolous lawsuit in order to obtain a competitive advantage against PharmPix Corp. *See* Document 41, pp. 24-32.

3. To this date Plaintiffs and their representatives have continued to engage in said unfair and predatory activities; they continue to interfere with business relationships with potential clients, and keep divulging details and discussing the merits of the instant case among peers and clients of the PBM service industry, in a gross attempt to prevent them from doing business in Puerto Rico. In fact, it has come to the Defendants' attention that recently Plaintiffs successfully interfered with one of Pharmpix's prospective clients, thus causing great irreparable harm to Defendants.

4. As recently as **September 6, 2011**, after submitting a response (proposal) to a Request for Information (RFI) made by "Plan de Salud Menonita" ("Menonita,") a prospective client of Defendants, and after several promising meetings with them, Plaintiffs were informed by Menonita that PharmPix was eliminated as candidate to become Menonita's PBM services provider. **EXHIBIT 1.**

5. <u>Specifically, Mr. Félix Ortiz, Administrator of Menonita, informed Dr. Martty Martínez Fraticelli, President and Chief Pharmacy Officer of PharmPix Corp., that in spite of being one of the strongest candidates,</u> **if not the strongest**, <u>it was eliminated as a candidate, due to the Complaint for Copyright Infringement filed by Abarca Health, LLC (Abarca Health) against PharmPix before the Federal District Court.  Mr. Ortiz further indicated that, in turn, Abarca Health was selected as their PBM services provider</u>. **EXHIBIT 1.  Evidently, Plaintiffs' acts have cause and continue to cause <u>actual</u>, <u>real</u> and <u>irreparable harm</u> to the Defendants.**

6. Furthermore, it has also come to Defendants' attention that <u>this situation was brought to Menonita by Abarca and its representatives</u>, as they directly contacted Menonita's legal counsel to discuss the merits of the parties' claims and the status of proceedings in the instant case.

7. As previously stated in Defendants' Counterclaim, this is not the first time that Plaintiff Abarca has directly contacted a prospective client of Pharmpix to interfere with a potential business relationship. In fact, back in December 2010, Abarca made a direct approach by calling Menonita and inquiring about its business relationship with PharmPix. See Document No. 41, pp. 24-27.  In said occasion, in an attempt to interfere and taint Menonita's and PharmPix's potential business relationship and in a clear attempt to prevent them from conducting businesses, Abarca notified Menonita that it "intended" to file a copyright infringement claim against PharmPix.

8. **It is clear that Abarca's acts are not only unfair, but intentional, and have caused and continue to cause great, real and irreparable harm to the Defendants and its business operations. If Plaintiffs are not enjoined from continuing**

**committing acts of unfair competition as those previously stated, they will continue to inflicting irreparable harm to the Defendants.**

9. The All Writs Act, 28 U.S.C. §1651 provides that:

> **The Supreme Court and all courts established by Act of Congress may issue all writs necessary or appropriate in aid of their respective jurisdictions and agreeable to the usages and principles of law.**

10. In light of the foregoing circumstances, Defendants respectfully request the Court that, in the exercise of its authority under the All Writs Act and equity, it issues a protective order against Plaintiffs, to enjoin them from contacting Defendants' clients in order to deter them from contracting with Defendants, using the subject controversy as a tool. This particularly, when to this date they have failed to bring a cognizable cause of action for copyright infringement and have not provided a single shred of evidence to support their complaint.

**WHEREFORE,** Defendants respectfully pray the Court to issue an Order directing Plaintiffs to:

a) Refrain from contacting Defendants' clients in order to deter them from contracting with Defendants, using the subject controversy as a tool;

b) Refrain from interfering, or to cause others to interfere, with Defendants' business relationships;

c) Refrain from discussing, or to cause others to discuss, the merits of the parties' claims in the instant case with other competitors in the pharmacy industry and/or with the parties' current and prospective clients;

d) Refrain from discussing, or to cause others to discuss, the status of the proceedings in the instant case with other competitors in the pharmacy

       industry and/or the parties' current and prospective clients; and

e)   Such other and further relief as this Court deems just and proper.

**IT IS HEREBY CERTIFIED** that on this date, the foregoing was electronically filed with the Clerk of the Court using the CM/ECF system that will send notification of such filling to the attorneys of record.

**RESPECTFULLY SUBMITTED**

In San Juan, Puerto Rico this 23rd day of September, 2011.

*s/Samuel F. Pamias-Portalatín*
Samuel F. Pamias-Portalatín
USDC No. 220309
E-mail: samuel@hhoglund.com

*s/Aileen E. Vázquez-Jiménez*
Aileen E. Vázquez-Jiménez
USDC No. 227809
E-mail: aileen@hhoglund.com

*s/Jaime A. López-Rodríguez*
Jaime A. López-Rodríguez
USDC No. 228410
E-mail: jaime@hhoglund.com

**HOGLUND & PAMIAS, P.S.C.**
256 Eleanor Roosevelt Street
San Juan, Puerto Rico 00918
Telephone: 787-772-9234
Facsimile: 787-772-9533

Attorneys for Defendants/Counterclaim Plaintiffs