IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| ABARCA HEALTH, LLC and PHARMACY INSURANCE CORPORATION OF AMERICA, <br><br> Plaintiffs, <br> v. <br><br> PHARMPIX CORPORATION; *et al*, <br><br> Defendants. | CIVIL No. 11-1218 (BJM) <br><br><br> RE: Injunctive Relief, Copyright Infringement, Unfair Competition and Damages |

**PLAINTIFFS' SECOND MOTION REQUESTING ORDER TO COMPEL DISCOVERY RESPONSES FROM DEFENDANTS**

TO THE HONORABLE COURT:

COME NOW plaintiffs, Abarca Health, LLC and Pharmacy Insurance Corporation of America (collectively, "Plaintiffs"), through their undersigned attorneys, and respectfully allege and pray as follows:

1. On July 6, 2011, Plaintiffs submitted their "Emergency Motion to Compel Discovery Responses from Defendants." *See,* Docket No. 90. On July 21, 2011, Defendants submitted their opposition thereto. *See,* Docket No. 96.

2. The gist of the controversy between the parties was whether, given the Court's decision to hold under abeyance Plaintiffs' request for access to PharmPix's source code, Defendants could refuse to provide other information or documentation relating to the PharmPix claims processing software.

3. A similar issue arose on Thursday, July 21, 2011, at the first deposition in this case. At that time the parties contacted the Court for a telephonic conference, during which the Court ordered that the information be disclosed under the applicable confidentiality category of the Confidentiality Order entered in this case. Inasmuch as Defendants chose to designate the

information as "HIGHLY CONFIDENIAL" information, the deposition continued in the absence of Plaintiffs' designated representatives.

4. Notwithstanding the simplicity of holding, it was apparently still unclear to Defendants, as the issue was again raised by them at a second deposition on August 4, 2011. The parties yet again had to reach out to the Court for guidance. During that telephonic conference with the Court, which was transcribed, the Court held as follows:

> MR. MUÑIZ: Your Honor, this is Mauricio Muñiz.
> I think the court orders are clear. We're not going into questions as to the disclosure of source code. As to the arrangement or architecture, these are other, separate issues from source code. This is not the source code.
> I think the rulings have been quite clear. They can be confidential, trade secrets, or whatnot; but that's why we have a protective order in place. And they can mark the deposition transcript, "Confidential," "Highly Confidential," as they deem fit, and we will abide.
> But it's still fair game.
> THE COURT: I agree. I agree. **It will be governed by the confidentiality order.**
> Have a good day.

*See,* **Exhibit A**, Page 6, lines 1-21 (emphasis added).

5. Eventually, such holding as regards deposition testimony was adopted by the Court in its order relating to Plaintiffs' motion to compel written responses. Thus, the Court's Order of August 17, 2011 stated that "The court addressed the matters raised in the motion during conference calls with counsel. The parties are to be guided by the terms of the confidentiality agreement regarding **all** such matters." Docket No. 102.

6. Notwithstanding such plain holding, Defendants continue to withhold information on the grounds that the request for information or documentation supposedly requires "the disclosure of Defendants' software source code or components thereof."

7. Thus, Defendants continue to refuse to answer interrogatories 7, 13, 16, 17, 18, 21 and 22 of Plaintiffs first discovery request. *See,* **Exhibit B.** On similar grounds, Defendants also

refuse to produce a single document in response to requests numbers 6 and 10. *See,* **Exhibit B.** Defendants have raised a similar objection to the production of documents required in items 16, 21, 22, and 28 of Plaintiffs' second discovery request. *See,* **Exhibit C.** Finally, Defendants' counsel has continued to instruct deponents not to answer questions on the same grounds. *See,* **Exhibit D**.

8. Plaintiffs' counsel has exchanged various communications with Defendants' counsel in an attempt to resolve this dispute, and have expressly pointed out to Defendants that under the Court's ruling, while source code need not be produced yet, other information or documentation must be provided, albeit under the protection of the Confidentiality Order. Defendants have rejected such position, and have confirmed in writing that any additional conference to discuss this issue would be pointless because "defendants' objections will remain, especially until the Court's Docket No. 98 Order ceases its effect."

9. Thus, Plaintiffs certify they have made a reasonable and good-faith effort to reach an agreement with opposing counsel on the matters set forth in this motion, but have been unable to do so.

10. Thus, and inasmuch as this issue had already been resolved by the Court, Plaintiffs seek an order from this Court confirming that, other than withholding *the source code itself* until such time as the Court orders otherwise, Defendants must adequately and completely respond to the discovery items listed herein, and any others that may come-up in the future.

11. Moreover, Defendants request that the Court order Plaintiffs to pay the costs incurred in the filing of this motion.

WHEREFORE, Plaintiffs respectfully and urgently request that this Court: (i) take notice of Defendants' continuous conduct of delaying any meaningful discovery in the instant

proceeding; (ii) order Defendants to provide responses and produce responsive documents to the discovery items mentioned herein, as well as adequately respond to any questions that may be made in future depositions; (iii) impose on Defendants reasonable expenses incurred by Plaintiffs in making this motion, including attorneys' fees; and (iv) grant any other remedy that is just and proper.

RESPECTFULLY SUBMITTED.

It is certified that on this same date, a true copy of the foregoing was filed through the Court's CM/ECF system, which will generate a notice to all CM/ECF participants in this case.

In San Juan, Puerto Rico, this 7th day of October, 2011.

**O'NEILL & BORGES**
*Attorneys for Plaintiffs*
American International Plaza
250 Muñoz Rivera Ave., Suite 800
San Juan, PR  00918-1813
Telephone: (787) 764-8181
Fax: (787) 753-8944

s/Carla García-Benítez
Carla García Benítez
USDC-PR No. 203708
carla.garcia@oneillborges.com

s/Mauricio O. Muñiz-Luciano
Mauricio O. Muñiz-Luciano
USDC-PR No. 220914
mauricio.muniz@oneillborges.com

s/Vanessa Carballido-Clerch
Vanessa Carballido-Clerch
USDC-PR No. 226506
Vanessa.carballido@oneillborges.com